Filed May 26, 1885.

---

No. 11,310.

### Johnson v. Mullinix et al.

DRAINAGE.—*Act of April 21st, 1881.*—*Appeal.*—*Practice.*—In a proceeding for the establishment of a drain before the board of commissioners under the act of April 21st, 1881, an appeal from the judgment of the board,

Johnson v. Mullinix *et al.*

taken by either party to the circuit court, is governed by the provisions of sections 17 and 18 of that act, and not by the general statute govern- ing appeals from the decisions of boards of commissioners, and no no- tice of any such appeal need be given the adverse party, either by sum- mons or otherwise.

From the Steuben Circuit Court.

*G. B. Adams, R. Lowry* and *F. T. Hord,* for appellant.

*D. R. Best,* for appellees.

ELLIOTT, J.—The appellees commenced this proceeding by filing a petition for the establishment of a ditch under the act of April 21st, 1881. The board of commissioners found against the petitioners and rendered judgment in favor of the appellant who was a remonstrant. Within thirty days from the time the judgment of the commissioners was announced, the appellees filed an appeal bond and asked an appeal to the circuit court. The appellant did not appear in the case in the circuit court, and judgment was rendered upon default. From that judgment he prosecutes this appeal, insisting that it is erroneous because there was no summons issued and served upon him.

We think that the act of 1881 makes special provisions for appeals, and that appeals are governed by those provisions, and not by the general statute governing appeals from deci- sions of the board of commissioners. Acts 1881, p. 416, sec- tions 17 and 18. This act does not, as is evident from its language, require that any summons shall be issued, and no good purpose can be subserved by causing the issuing and service of summons in cases where one of the parties takes the appeal; on the contrary, such a course would add greatly to the expense of the proceedings and cause needless delay. It is reasonable to require parties to take notice of the pro- vision giving thirty days in which to appeal and to ascertain whether the party having the right prescribed by statute has exercised it. This rule obtains in analogous cases, and there is no reason why it should not apply here.

Judgment affirmed.

Filed June 11, 1885.